UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MADSTAD ENGINEERING, INC.,
et al.,

        Plaintiffs,

v.                             Case Number: 8:12-CV-1589-SDM-MAP

U. S. PATENT & TRADEMARK
OFFICE, et al.,

        Defendants.

_____/

## CASE MANAGEMENT REPORT

     1.   Meeting of Parties:  Pursuant to Local Rule 3.05(c)(2)(B), a meeting was held on September 28, 2012 at 10:30 A.M. EST by telephone and was attended by:

| Name | Counsel for |
|---|---|
| Jonathan S. Massey | Plaintiff Madstad Engineering, Inc., et al. |
| Leonard A. Gail | |
| | |
| Matthew A. Josephson | Defendant USPTO, et al. |
| Scott D. Levin | |

     Case Description:  This case involves a constitutional challenge to the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011).  Plaintiffs allege that certain provisions of the AIA, on their face, violate the Patent Clause of the United States Constitution.  *See* U.S. Const., art. 1, § 8, cl. 8.  Two motions are currently pending before the Court:

1) Plaintiffs' Motion for a Preliminary Injunction (ECF No. 11) and
2) Defendants' Motion to Dismiss (ECF No. 29).

     The parties agree that the issues in this case are purely legal in nature and may be resolved by dispositive motions.  The parties also agree that discovery in this case is not necessary before the Court rules on the two pending Motions.  Both parties therefore do not plan on seeking any discovery before the Court rules on the two pending motions, but they reserve the right to seek limited discovery should it become necessary in light of the Court's rulings and any subsequent litigation developments.

2.      Initial Disclosures (Fed. R. Civ. P. 26(a)(1)):

The parties stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason that the nature of this case does not warrant these disclosures at this time.  Should these disclosures become necessary, the parties agree to use traditional discovery tools to ascertain the information that would be provided under this Rule.

3.      Discovery Plan – Plaintiff:  The parties jointly propose the following Plaintiffs' discovery plan:

a.      Plaintiffs' Planned Discovery:  A description of every discovery effort Plaintiffs plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Not applicable at this time; Plaintiffs reserve the right to conduct limited Requests for Admissions should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss.

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiffs' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

Not applicable at this time; Plaintiffs reserve the right to conduct limited Written Interrogatories should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments .

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Not applicable at this time; Plaintiffs reserve the right to conduct limited Requests for Production or Inspection should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

(4) <u>Oral Depositions</u>:

Not applicable at this time; Plaintiffs reserve the right to conduct limited Oral Depositions  should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

Not applicable at this time.

b.       <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Not applicable at this time.

c.       <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Not applicable at this time.

d.       <u>Completion of Discovery</u>: Plaintiffs will commence all discovery in time for it to be completed on or before April 30, 2013, or within 60 days of the Court's ruling on Defendants' Motion to Dismiss, whichever is later.

4.       <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendants' discovery plan:

a.       <u>Defendants' Planned Discovery</u>: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and

will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)      Requests for Admission:

Not applicable at this time; Defendants reserve the right to conduct limited Requests for Admissions should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)      Written Interrogatories:

Not applicable at this time; Defendants reserve the right to conduct limited Written Interrogatories should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)      Requests for Production or Inspection:

Not applicable at this time; Defendants reserve the right to conduct limited Requests for Production or Inspection should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

(4)      Oral Depositions:

Not applicable at this time; Defendants reserve the right to conduct limited Oral Depositions  should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss and any subsequent developments.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.  Time Permitted for Each Deposition: Each deposition is limited to

one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.  The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:  Not applicable at this time.

b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Not applicable at this time.

c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Not applicable at this time.

d.    <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before April 30, 2013, or within 60 days of the Court's ruling on Defendants' Motion to Dismiss, whichever is later.

5.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

Not applicable at this time; the parties' reserve the right to provide a Joint Discovery Plan – Other Matters should it become necessary in light of the Court's ruling on Defendants' Motion to Dismiss.

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

Not applicable at this time.

7.    <u>Third-Party Claims/ Joinder of Parties and Potentially Dispositive Motions</u>:  That the parties agree the final date for filing motions for leave to file third party claims or for joinder of parties should be <u>(not applicable)</u>. That the parties agree that the final date for motions for summary judgment and other potentially dispositive

motions should be <u>June 30, 2013</u>, or within 90 days of the Court's ruling on Defendants' Motion to Dismiss, whichever is later.

      8.    <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution.

Parties agree that settlement is:
<u>    </u>    likely
<u>X  </u>    unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
<u>    </u>    yes
<u>X  </u>    no
<u>    </u>    likely to agree in the future.

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9.    <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636:
<u>    </u>    yes
<u>X  </u>    no
<u>    </u>    likely to agree in the future.

      10.    <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
<u>    </u>    request
<u>X  </u> do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

      11.    <u>Final Pretrial Conference and Trial</u>: Because the parties anticipate this case will be decided by dispositive motion, they expect no trial.  Nonetheless, the parties

agree that they will be ready for a final pretrial conference on or after August 30, 2013 and for trial on or after September 30, 2013.

      12.   <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

      13.   Other Matters:

               Not applicable.

Date:  October 12, 2012

*Counsel for Plaintiffs*

 _/s/ Jonathan S. Massey_____
Jonathan S. Massey, Esq. *(pro hac vice granted)*
D.C. Bar No.:457593
Leonard A. Gail, Esq. *(pro hac vice granted)*
ARDC No.: 6199745
Matthew J. Reedy, Esq. *(pro hac vice granted)*
ARDC No.: 6306809
**Massey & Gail LLP**
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: (202) 652-4511
Fax: (312) 379-0467
Email: Jmassey@masseygail.com
Email: Lgail@masseygail.com
Email: mreedy@masseygail.com


Michele Leo Hintson, Esquire
Florida Bar No. 0604941
Jaime Austrich, Esquire
Florida Bar No. 084565
**Shumaker, Loop & Kendrick, LLP**
101 East Kennedy Blvd., Suite 2800
Tampa, FL 33602
Telephone: (813) 229-7600
Fax: (813) 229-1660
Email: MHintson@slk-law.com
Email: JAustrich@slk-law.com

*Counsel for Defendants*

/s/ Matthew A. Josephson
Matthew A. Josephson
Georgia Bar No. 367216
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Room 7141
Washington, D.C.  20530
Telephone:  202-514-9237
Facsimile:  202-616-8470
Matthew.A.Josephson@usdoj.gov

/s/ Scott D. Levin
Scott D. Levin
New York State Bar No. 4285946
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Room 5132
Washington, D.C.  20530
Telephone:  202-305-0568
Facsimile:  202-616-8470
_____